IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| XAVIER GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>MESA SOUTHERN CWS ACQUISITION, L.P d/b/a MESA SOUTHERN WELL SERVICING, L.P., ALAN CLAIBORNE, AND MICHAEL HINES,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 20-1380<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF XAVIER GONZALES' ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint under the Fair Labor Standards Act (FLSA) against Defendants Mesa Southern CWS Acquisition, L.P. d/b/a Mesa Southern Well Servicing, L.P., Alan Claiborne, and Michael Hines, Plaintiff Xavier Gonzales shows the following:

### Introduction

Plaintiff Xavier Gonzales was formerly employed by Defendants as Safety Manager at Defendant Mesa Southern Well Servicing, L.P. He was paid on a salary-basis. During the COVID-19 pandemic, Defendants furloughed Plaintiff on an alternating weekly basis (i.e., one week working; followed by one week on furlough, one week working, etc.). Plaintiff performed work at management's request during furlough weeks but was not compensated for this work in violation of the FLSA, which requires that salaried, exempt employees be paid their full weekly salary for any week in which they perform work. In fact, to this day, Defendants have not paid Plaintiff in accordance with the FLSA. After the furlough ended, and upon Plaintiff's return to full-time,

uninterrupted work, Plaintiff complained to Defendant Claiborne regarding the Defendants' failure to pay him in accordance with the FLSA. Plaintiff's complaints angered Defendant Claiborne. As a result of Plaintiff's complaints, Defendants discharged Plaintiff from employment for pretextual reasons. Plaintiff contends that he was discharged in retaliation for having made complaints protected by the FLSA (29 U.S.C. Section 215(a)(3)). Plaintiff now sues for damages.

## Parties

1. Plaintiff Xavier Gonzales is a former employee of Defendant Mesa Southern Well Servicing, L.P., and under the Fair Labor Standards Act, of Defendants Alan Claiborne and Michael Hines. Plaintiff resides at 8414 Buckhom Parke, San Antonio, Texas 78254. He may be served with papers in this case through the undersigned counsel.

2. Defendant Mesa Southern CWS Acquisition, L.P. d/b/a Mesa Southern Well Servicing, L.P. is a limited partnership organized under the laws of the State of Texas. It maintains its principal place of business at 1308 Lake St., Fort Worth, Texas 76102. It may be served with process through its registered agent, James D. Finley at 1308 Lake St., Fort Worth, Texas 76102.

3. Defendant Alan Claiborne is a natural person who is employed by Defendant Mesa Southern CWS Acquisition, L.P. as Chief Financial Officer. He may be served with process at 1437 E. Street, Jourdanton, Texas, 78026 or wherever he may be found.

4. Defendant Michael "Mike" Hines is a natural person who is employed by Defendant Mesa Southern CWS Acquisition, L.P. as Chief Operations Officer. He may be served with process at 1437 E. Street, Jourdanton, Texas 78026 or wherever he may be found.

## Jurisdiction and Venue

5. The Court has personal jurisdiction over Defendant Mesa Southern Well Servicing, L.P. because Defendant is organized under the laws of the State of Texas, because it maintains its principal place of business in Texas, and because it continuously does business in the State. The Court has personal jurisdiction over Defendants Alan Claiborne and Michael Hines because they are citizens of the State of Texas and because they reside in the State. The Court possesses subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. Section 1331 because Plaintiff sues under a federal statute, the Fair Labor Standards Act. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the San Antonio Division of the Western District.

## Factual Background

6. For over 10 years, Plaintiff Xavier Gonzales was employed by Defendant Mesa Southern Well Servicing, L.P. as Safety Manager based out of Defendant's headquarters in Jourdanton, Texas. At all times relevant to this lawsuit, Defendant Claiborne has served as the Chief Financial Officer and Defendant Hines has served as the Chief Operating Officer. They run the day-to-day operations of the business and have authority to hire and fire. Upon information and belief, Claiborne and Hines also have ownership interests in the business.

7. Plaintiff was classified as an exempt, salaried employee. At the time of his ultimate discharge from employment, Plaintiff's salary was $92,000.00 per year. Starting on or about March 17, 2020, employees, including Plaintiff, worked from home due to COVID-19. Then, starting on or around March 30, Mesa Southern furloughed a large portion of its workforce due to lack of work. Management employees were put on an alternating, weekly furlough, meaning that

they were on duty one week, then on furlough the next week, etc. During furlough weeks, Plaintiff did perform work as needed. However, he was not paid his salary for these weeks.

8. On May 4, 2020, Defendants ended the furlough and reinstated the workforce. Plaintiff was late to work that morning because he had to wait for child care for his children, who were at home because their school was closed. On the same day, Plaintiff requested to have May 6 off because his wife was having a medical procedure, and he needed to care for his children. Defendant Claiborne denied the request. Plaintiff protested, and in doing so, noted that he had had to perform work during his unpaid furlough weeks. This greatly angered Defendant Claiborne. On the next day, May 5, Plaintiff provided Defendant Claiborne with a vacation form for the following day as well as with proof that he had worked during furlough weeks. Plaintiff informed Defendant Claiborne that the law required that he be paid his salary in weeks in which he performed any work. Defendant Claiborne became upset and stated that Plaintiff was "not going to beat" him "on this "furlough thing." Although Defendant Claiborne continued to refuse to give Plaintiff the following day off, he told Plaintiff that he could ask Defendant Hines for the day off and that Defendant Hines' decision on the matter would stand. Plaintiff did so, and Defendant Hines agreed to Plaintiff's request to have May 6 off.

9. Accordingly, Plaintiff did not go to work on May 6. Plaintiff worked May 7. On May 8, Plaintiff was issued a reprimand for being late to work on May 6. Plaintiff refused to sign the write up and wrote a rebuttal. On May 11, Plaintiff submitted to Defendant Claiborne his rebuttal together with a request for FFCRA paid sick leave (to start May 18) and informational paperwork from the U.S. Department of Labor stating that salaried exempt employees who perform any work during a workweek must be paid their full weekly salary. This angered Defendant Claiborne, who issued Plaintiff a second write up. Firmly believing that this write up

was retaliatory, Plaintiff refused to sign the write up. Defendant Claiborne instructed Plaintiff to go home and advised Plaintiff that he would no longer have use of a company truck. When Plaintiff sought clarification regarding the loss of his company truck, Defendant Claiborne suggested that Plaintiff was no longer a manager and angrily told Plaintiff that all Plaintiff was doing was trying to get Defendant Claiborne "in trouble" regarding "furlough." Later Plaintiff realized that his company phone was no longer working.

10. Plaintiff appeared for work on May 12 but noticed that his computer and other items were gone. Defendant Claiborne sent Plaintiff home because he could not be "trusted." Plaintiff did not hear from the company until May 15. On that day, Defendant Claiborne advised Plaintiff that he was terminated. Defendant Claiborne stated that Plaintiff could not be trusted because he recorded their conversation on May 11 (when Defendant Claiborne essentially admitted that he was angry with Plaintiff for requesting to be paid for the weeks when he worked while on furlough) and that the company had performed school coursework while on duty (even though Plaintiff had permission to do so and other management employees had done the same thing with no disciplinary consequences).

### Count I: Unpaid Wages under FLSA

11. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 supra.

12. Defendant Mesa Southern Well Servicing, L.P. engages in interstate commerce, and in all years relevant to this lawsuit, including 2020, had gross revenues in excess of $500,000.

13. Defendant Mesa Southern Well Servicing, L.P. employed Plaintiff as a full-time, salaried "exempt" Safety Manager. Under the FLSA, Defendants Claiborne and Hines also qualify as "employers" because they are part-owners in the business, managed the day-to-day operations

of the business, made personnel decisions (including hiring and firing), and in the case of Defendant Claiborne, made the decision to discharge Plaintiff from employment.

14. As an "exempt" employee, Plaintiff was, subject to certain exceptions not applicable here, entitled to receive his full weekly salary for any weeks (other than the initial and terminal weeks of employment) in which he performed work, regardless of the number of days or hours worked. See 29 CFR Section 541.602(1). Despite this, Defendants failed to pay Plaintiff for the weeks in which he performed work while technically on "furlough." Even after Plaintiff advised Defendants that the law required that he be paid his full salary, Defendants refused. Therefore, Plaintiff is entitled to his weekly salary for those "furlough" weeks in which he performed any work.

## Count II: Retaliatory Discharge Under FLSA

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 14 supra.

16. Plaintiff engaged in activities protected by 29 U.S.C. Section 215(a)(3) when he complained to Defendant Claiborne on several instances that Defendant Mesa Southern Well Servicing, L.P. was required to pay him his full weekly salary for those weeks when he performed work while on "furlough." Defendant repeatedly expressed his animus towards Plaintiff's protected complaints, and Defendant Claiborne thereafter issued Plaintiff unwarranted disciplinary actions in retaliation. Defendant Claiborne even accused Plaintiff of trying to "get him in trouble" with "furlough" by complaining that he had not been paid correctly. At the same time, Defendant Claiborne went so far as to tell Plaintiff that he would no longer have a company truck. Plaintiff was the only management employee whose company truck was taken away. Defendants, acting through Defendant Claiborne, placed Plaintiff on suspension and then terminated his employment

for pretextual reasons. Plaintiff avers that the real reason he was fired was because he had made complaints protected by the FLSA.

17. As a result of Plaintiff's illegal discharge from employment, Plaintiff has suffered lost wages, emotional distress, mental anguish, humiliation, and damage to his reputation. Plaintiff sues for these damages. Additionally, Plaintiff seeks an award of liquidated damages because Defendants' actions in retaliating against him were willful. And because Plaintiff has had to retain legal counsel to vindicate his legal rights, Plaintiff is entitled to an award of attorney fees.

### Jury Demand

18. Plaintiff demands a trial by jury.

### Conclusion and Prayer

19. Plaintiff prays that upon final judgment he be awarded the following:

a. Unpaid wages for the time that Plaintiff worked for Defendants;

b. Lost wages and benefits due to his retaliatory discharge from employment;

c. Liquidated damages;

d. Compensatory damages for emotional distress, mental anguish, humiliation, damage to reputation;

e. Reinstatement or front pay;

f. Attorney fees;

g. Costs of court; and

h. All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/Michael V. Galo, Jr.*
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
XAVIER GONZALES